Art Metal Construction Company
vs.
Edward C. Knight, Jr., et. al.

M. P. No. 2441.

May 9, 1934.

BAKER, P. J. Heard on motions of respondents to dismiss mechanics' lien petition.

Attached to the petition in this action is Exhibit A, which is the account of the petitioner filed in the office of the Town Clerk of Middletown and which account is the commencement of legal proceedings herein. In this account as filed the petitioner is claiming a lien under and by virtue of the provisions of Sections 5 and 6 of Chap. 301 of the General Laws of 1923.

The respondents contend in their first ground for dismissal that said sections create no lien for materials furnished and, therefore, the petition should be dismissed in so far as it relates to the claim of lien for materials.

Said Sec. 5 relates to the procedure to be followed by one claiming a lien for work done or materials furnished without written contract. Said Sec. 6, as construed by our Court in the case of *Murphy* vs. *Guisti*, 22 R. I. 588, creates a lien in favor of a sub-contractor for work only, whether the contract be in writing or not. It would appear that the provisions of Sec. 1 of said Chap. 301 impose the liens covered by the provisions of said chapter.

In the case at bar the record discloses that the petitioner herein is a sub-contractor under a written contract.

The respondents urge that the decision of the Court in the case of *Glynn* vs. *Zabriskie*, 19 R. I. 215, is decisive of their claim that the petition should be dismissed in so far as the claim for materials is concerned. In that case, the Court held that where a notice of intention to claim a lien set out the wrong section of the statute under which the lien was intended to be claimed, then said notice of intention was fatally defective.

The petitioner urges that that case is distinguishable from the case at bar and that in effect it has been overruled by the decision of the Court in the case of *Hawkins et al.* vs. *Boyden*, 25 R. I. 181.

It seems well settled in this state that the commencement of legal process consists in lodging the account in the office of the town clerk with notice to what land and buildings and to what and whose estate the demand refers. The account and notice are jurisdictional. Any omission would appear to be substantial and cannot be supplied by amendment. It has been further held that the petition is not of the same jurisdictional character and may be amended. It has been compared to a declaration in a civil case, while the notice and account have been likened to a writ.

*Hawkins et al.* vs. *Boyden, supra.*

The petitioner relies on certain language used in said above mentioned case, which is as follows:

"A lien is only lost, by the terms of the statute, when the prescribed steps are not taken, and no one of those steps requires a reference to sections of the act. Moreover, if this were a defect in the petition under the decisions already cited, it would be amendable and not a ground for dismissal."

In the case of *Hawkins et al.* vs. *Boyden*, *supra*, the earlier case of *Glynn* vs. *Zabriskie et al.*, *supra*, is not mentioned or referred to. It would appear to be the duty of this Court to give both of these decisions effect, if reasonably possible, as long as neither one is definitely overruled. There is no doubt but that the Court in the case of *Glynn* vs. *Zabriskie et al.*, *supra*, decided clearly that in the notice of intention to claim a lien, it was a fatal defect to claim such lien under a wrong section of the statute. In the case at bar, the petitioner has done this in the account which it has lodged in the office of the town clerk. If it is fatally defective to claim a lien under the wrong section of the statute in the notice, it is difficult to see why it is not equally defective to make such a claim in the account which is filed as a commencement of legal process. Both of these notices are jurisdictional and no omission or substantial defect can be cured by an amendment.

In considering the case of *Hawkins et al.* vs. *Boyden*, *supra*, it should be noted that it was the petition and not the notice of intention to claim a lien or the account which was under consideration. It seems to the Court that it may well be argued that the portion of the opinion upon which the respondents principally rely may be considered as applying to the petition rather than to the other documents.

In support of their contention, the respondents argue strongly that reference to the specific sections of the statute not being required it may be considered as surplusage. There is some support for this claim. In the case of *Cook, Borden & Co.* vs. *Realty Corporation*, 50 R. I. 375, the Court permitted an amendment of a date in the petition or the bill of particulars attached to the petition and further stated that an obvious typographical error in a date in the account as filed would be considered surplusage. There seems to the Court, however, considerable difference between a mistake in a date in the account and a claim in the account that the lien attaches by virtue of certain specific sections of the General Laws. The account is filed in the office of the town clerk for the purpose of giving notice, to all interested, of the amount and nature of the lien and to what property and to whose estate it attaches. To a certain extent it affects the title to the real estate involved, and while it is not necessary for a petitioner to state under what section he is claiming, if he does so state and thereby gives constructive notice that he is claiming a lien of a certain type under a specific section of the statute, there is serious question whether he ought not to be bound by what he has done. At least, this would seem to be the scope and intention of the decision of the Court in the case of *Glynn* vs. *Zabriskie et al.*, *supra*.

After careful consideration, the Court has come to the conclusion that it will grant the respondents' motions to dismiss the petition for a lien in so far as it relates to a claim for materials.

The second and third grounds of the respondents' motions relate to the notice required to be given under the provisions of the statute.

The respondents contend that the petitioner should be governed by the provisions of the second half of Section 5 in regard to materials and the language of Section 6 of said Chapter 301 as regards labor furnished in connection with the matter of giving notice.

The petitioner claims that a case of this type is governed by the provisions of Section 4 of said Chapter. In this contention it would appear to the Court that the petitioner is correct.

The point has been carefully considered by the Court in the case of

*Anastos* vs. *Brown*, 52 R. I. 462. In that case the petitioner was a subcontractor under a contract not in writing and as to time the Court held that certain portions of said Section 5 applied. By way of dicta, however, the Court states that where the contract is in writing, as it is in the case at bar, that Section 4 of said Chapter applies. The Court says:

"Section 4 of the statute expressly provides, when the contract is in writing, for the establishment of a lien a legal process is commenced for enforcing the same within four months from the time when any payment on such contract is due and unpaid. A clear distinction is thus made between written and parol contracts."

The Court is of the opinion, therefore, that the second and third grounds of the respondents' motions should not be sustained.

The fourth, fifth, sixth and seventh grounds of respondents' motions may be considered together.

The respondents' contention here is that the petition does not set forth with sufficient particularity the various elements of the petitioner's claim as required by Section 9 of the aforesaid Chapter of the General Laws.

The cases seem to hold generally that such a duty is incumbent upon the petitioner.

*Murphy* vs. *Guisti, supra;*

*McPherson* vs. *Breenwell*, 27 R. I. 178;

*Cook, Borden & Co.*, vs. *Realty Corp., supra.*

The claim in the instant case is by a sub-contractor under a written contract. In the judgment of the Court the petitioner should set out the terms of the sub-contract, what payments have been received by the petitioner, if any, and when the payments became due and payable.

*McPherson* vs. *Greenwell, supra.*

It is clear that the petitioner may amend its petition in this regard if it sees fit to.

*Murphy* vs. *Guisti, supra;*

*Hawkins et al.* vs. *Boyden, supra.*

A decree may be entered in accordance with the findings herein, and fixing a time within which the petitioner may amend its petition, if it desires. Otherwise, the petition may be dismissed.

For complainant: Burdick, Corcoran & Peckham.

For respondent: Greenough, Lyman & Cross, Harvey S. Reynolds, Sheffield & Harvey.